# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAKESHA NORINGTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, WESTVILLE )<br>CORRECTIONAL FACILITY, )<br>)<br>Respondent. ) | 1:12-CV-215-JMS-DKL |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Lakesha Norington for a writ of habeas corpus must be denied and the action dismissed for lack of jurisdiction. In addition, the court finds that a certificate of appealability should not issue.

## I.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

Norington is a prisoner of the State of Indiana serving the executed portion of a sentence imposed by an Indiana state court following her conviction of robbery, burglary, and voluntary manslaughter. No direct appeal was filed. Norington filed a petition for post-conviction relief and did not appeal the trial court's subsequent denial of that petition. Norington then challenged the convictions with a petition for a writ of habeas corpus in No. 1:10-cv-477-SEB-MJD. That petition was denied as untimely. *Norington v. Levenhagen*, No. 1:10-cv-477-SEB-MJD (S.D. Ind. Apr. 18, 2011). This is a decision "on the merits" for purposes of habeas corpus adjudication. *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) ( per curiam ) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). The "idea behind [the rule in § 2244(b)] is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.* (emphasis added in *In re Page*); *see Burton v. Stewart*, 127 S. Ct. 793 (2007).

On the basis of the foregoing, the court concludes that the habeas petition filed by Norington is an unauthorized second or successive petition within the meaning of § 2244(b). It is unauthorized because she has not obtained the requisite permission from the Court of Appeals to proceed with it. Under these circumstances, the action must be dismissed for lack of jurisdiction. "'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Rule 22(b) of the *Federal Rule of Appellate Procedure*, Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Norington has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/22/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana