**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LAKESHA NORINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:12-CV-215-JMS-DKL |
| | ) | |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion to Correct Error**

This action was severed from No. 1:11-cv-1095-SEB-DML based on Judge Barker's determination that Norington's effort to obtain her release from imprisonment could only be pursued in federal court in an action for habeas corpus relief. After processing and preliminary examination, it was concluded that this action was an unauthorized second or successive action for habeas corpus relief and that the court therefore lacked jurisdiction over it. Final judgment was entered on the clerk's docket on February 23, 2012. Given the timing of the petitioner's motion to correct error relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as labeled and as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union,* 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

Norington does not so much challenge this court's analysis under 28 U.S.C. §§ 2244(b) as she does Judge Barker's Order in 1:11-cv-1095-SEB-DML severing this action in the first place. Insofar as that might be reviewable here, Norington's argument is understood as challenging this court's understanding of her habeas petition as a habeas petition.

There is no question that among many other allegations in No. 1:11-cv-1095-SEB-DML, Norington claimed that her conviction for voluntary manslaughter in an Indiana state court is tainted with constitutional error and that because of this she seeks her release from the sentence imposed for that conviction. This is the stuff of habeas corpus, and Ahabeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] ' 1983.@ *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

There was no error of law or of understanding Norington's claim seeking her release or the basis for that claim. No new evidence has been offered. Accordingly, Norington's motion to correct manifest error [7], treated as a motion to alter or amend judgment, is **denied**. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (AAltering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.@)(citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

**IT IS SO ORDERED.**

Date: 03/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Lakesha Norington
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391